UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      File No. 1:07-CR-06

v.

                                      HON. ROBERT HOLMES BELL

TERENCE LAMONT WILLIAMS,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Defendant Terence Lamont Williams was convicted pursuant to his guilty plea of a drug conspiracy. (Dkt. No. 423, J. ) This matter is now before the Court on Defendant's pro se motion for return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure. (Dkt. No. 510.)

Defendant has presented evidence that items were seized from his house pursuant to a search warrant issued by a state court judge. (Dkt. No. 510, Exs. A, B.) Defendant moves for the return of property that was seized, never forfeited, and never returned to him pursuant to Rule 41(e) (now recodified as Rule 41(g)). The property at issue includes $266 in cash, a quad motorized vehicle, a lawn machine, vehicle titles, a laptop computer, cell phones, computer tower, DVDs, an XBox, and audio equipment. Defendant asserts that the items

were seized by the Federal Bureau of Investigation or its agents and that the items were not linked to drugs or to the proceeds of drugs.

In response, the government contends that the Court lacks subject matter jurisdiction over Defendant's motion because federal authorities did not seize the property and never had control over the property. In the alternative, the government contends that even if the Court has jurisdiction, the motion lacks merit because federal authorities never had possession of the property and the government cannot be forced to return property that it never possessed.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). When the owner of the property files a Rule 41(g) motion after the conclusion of his criminal proceedings, the motion is treated as a civil action in equity. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) (citing *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)).

A defendant who moves for the return of property pursuant to Rule 41(g) has the burden of showing real or constructive possession of the property by the federal government. *United States v. Obi*, 100 Fed. App'x 498, 499 (6th Cir. 2004) (holding that district court did not abuse its discretion in denying a motion for the return of property where there was no evidence of record to show that the property was ever in the possession of the federal government); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of a Rule 41(e) motion where the defendant failed to carry his burden to show real

or constructive possession of the property by the federal government). Constructive possession may be found if the evidence was used in a federal prosecution. *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). Possession by the federal government may also be found under an agency theory in instances "where property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Copeman*, 458 F.3d at 1071. However, the fact that federal and state authorities are working pursuant to a joint task force does not necessarily mean that there was a federal authorization or an agency relationship between federal and state authorities. In a joint task force, the state typically works with the federal government, not for the federal government. *United States v. Marshall*, 338 F.3d 990, 994-95 (9th Cir. 2003).

Although Defendant has alleged that the property in question is in the possession of the federal government, he has presented no evidence to support this assertion. The government, on the other hand, has presented evidence, through the affidavit of Patrick K. Kelly, a special agent with the Federal Bureau of Investigation, that "[n]o agent of the federal government took or ever had possession of the property described in the defendant's motion for return of property, and that property is not and never has been in the custody of the United States." (Dkt. No. 532, Kelly Aff. ¶ 6.) The investigation that led to the indictment in this case against Defendant Williams and others was a joint Organized Crime Drug Enforcement Task Force investigation involving representatives of various agencies who

worked together as equal and independent partners, and not as "agents" of the Federal Bureau of Investigation. (*Id.* at ¶¶ 2-3.) The property was seized pursuant to a state search warrant for Defendant's residence that was procured by a Lansing Police Department detective. (*Id.* at ¶ 5.) State officers presumably seized the evidence in question for purposes of forfeiture of that property pursuant to Mich. Comp. Laws § 333.7522. (*Id.*) Although Special Agent Kelly assisted in the search for drug evidence, he did not seize any evidence. (*Id.* at ¶ 6.)

Because there is no evidence of record to show that the property in question was ever in the actual or constructive possession of the federal government, Defendant is not entitled to the relief he seeks. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for return of property (Dkt. No. 510) is **DENIED**.


Dated: <u>April 27, 2010</u>　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE